

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Robert D. Kline          :
                         :    No. 1: CV-10-1014
         Plaintiff       :
                         :    (Judge Rambo)
      v.                 :

U. S. Postal Service

         Defendant.


**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW the Plaintiff Robert D. Kline, pro se (Kline) and hereby submits his Brief in Opposition to Defendant's Brief in Support of its Motion to Dismiss.

### INTRODUCTION

Kline generally agrees with the first two paragraphs of the

Defendant's introduction paragraphs, however, he disagrees with the contention that his complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6).

**ARGUMENT**

**I.  Should Plaintiff's Complaint Be Dismissed For Lack of Subject Matter Jurisdiction?  Suggested Answer - No**

A.  **Applicable Legal Standard**

Defendant goes into an argument in their brief relating to the jurisdiction of the federal courts. Plaintiff agrees with Defendant that the federal court only has limited jurisdiction. Nevertheless, since the Defendant is an independent arm of the U. S. Government, there may be federal questions to be answered which thereby allow the federal court to hear the matter on the basis of federal question jurisdiction.

It also must be mentioned, that the Defendant, not the Plaintiff (emphasis added) removed this matter to federal court. The implications of doing that seem obvious to wit: if there is was no jurisdiction in federal court, then why was the matter removed by them to federal court? It also goes without saying that, since the matter has been removed from Mifflin County Court, which is a state court, there is no jurisdictional statement as

part of Plaintiff's Complaint as may be required in federal court.

For the above reasons, the matter is suitable for adjudication in federal court or, in the alternative, should be remanded to the state court.

**B. Should the Court dismiss Plaintiff's claims against the Defendant for alleged issues with its certified mail return receipts? Suggested Answer – No**

Defendant correctly states that Congress has defined the USPS as "an independent establishment of the executive branch of the Government of the United States." 39 U. S. C. § 201. That fact that they are tied to the executive branch of Government may provide some immunity to suits, however, it by no means insulates the Defendant to the point of blanket sovereign immunity to cover all cases. The Postal Reorganization of Act of 1970 (PRA), 39 U. S. C. §101 et seq. was adopted to increase the efficiency of the Postal Service and reduce political influences on it operations. Under the PRA the Postal Service was granted such power as eminent domain, the power to make postal regulation and the power to enter postal agreements and contracts. Moreover, the PRA waives the immunity of the Postal Service from suit by giving it the power "to sue and be sued in its official name." §401

As stated above, it is true that the Defendant enjoys immunity to

specific suits. In fact, there are statues such as the Federal Tort Claims Act that regulate how very specific tort claims may be advanced against the Defendant. In the instant matter, the Plaintiff has not pleaded any causes of action sounding in tort. Moreover, Defendant cites U. S *Postal Service, v. Falmingo Indus. (USA) LTd.*, 540 U. S. 736, 744 (2004) and, in fact, that case may be helpful to understand the how various laws apply to the USPS, however, after explaining some history of the USPS and some of their powers, much of the case relates to antitrust litigation involving them. The court ultimately denied the antitrust action because against them because, inter alia, they are not a separate antitrust person from the United States and so are not controlled by antitrust laws. Again, the Plaintiff's complaint is for breach of contract or violations of the Domestic Mail Manual (DMM) and, therefore, does not relate to any antitrust claim.

In *Beneficial Finance Co of New York Inc., v. Ronald Dallas and Mary Dallas and United States Postal Service*, 571 F.2d 125 the USPS took the position that the "sue and be sued" clause, 39 U.S.C. § 401(1)3 in the Service's authorizing statute should not be construed as a general waiver of sovereign immunity rendering it amenable to garnishment proceedings. The circuit court's opinions rejected the claim of the USPS to sovereign immunity and rested upon a trilogy of Supreme Court cases. *R.F.C. v.*

*Menihan Corp.*, 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595 (1941); *F.H.A. v. Burr*, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940); *Keifer & Keifer v. R.F.C.*, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939). All three aforementioned cases stressed that a general "sue and be sued" clause in a statute creating a federal corporation will be interpreted by the Court as a general waiver of sovereign immunity as to that entity. The keystone of this triumvirate is Burr which is cited (supra). In that case the Court broadly stated that the doctrine of sovereign immunity is disfavored and that waivers by Congress of governmental immunity for federal instrumentalities should be liberally construed. 309 U.S. at 245, 60 S.Ct. at 490.

Defendant argues in their brief that USPS is liable to indemnify a loss arising from mail delivery only to the extent that it agrees to be liable under the terms of its regulations. Plaintiff is not arguing for a claim based on loss of the mail, insurance loss or miscarriage loss which actually sounds in negligence. Rather his complaint clearly pleads that he is seeking reimbursement for services that he paid for. Those theories are breach of contract as well as violation of the (DMM). Since the claims do not relate to "loss" as described in this paragraph, plaintiff offers no real rebuttle relating to loss, insurance loss or mail delivery failure. Moreover a cursory reading of the Complaint indicates that negligence was not pleaded nor were there

any averments relating to any COD, Registered Mail with insurance or Express Mail. Therefore, "loss" theories do not apply in the instant case.

The Defendant in their brief discusses a litany of reasons why the Defendant can not be sued. They seem to feel that the postal regulations must list every instance when they are subject to suit as well as waive any immunity they may have. Plaintiff believes that there has to be a remedy for what was pleaded in his complaint and that the common law or, in the alternative, the DMM may be the source of relevant regulation. The DMM says in pertinent part at 9.2.4:

> *Full Refund*
> *A full refund (100%) may be made when:*
>
> *a. The USPS is at fault.*
>
> *b. Postage or fees are paid in excess of the lawful price.*
>
> *c. Service to the country of destination is suspended.*
>
> *d. Postage is fire-scarred while in USPS custody (including in the letterbox), and the mail is returned to sender without service.*
>
> *e. Special delivery stamps are mistakenly used to pay postage, and the mail is returned to the sender without service.*
>
> **_f. Fees are paid for special handling, Certified Mail, Delivery Confirmation, or Signature Confirmation and the article fails to receive the extra service for which the fee is paid._**
>
> *g. Surcharges are mistakenly collected on domestic Registered Mail or collected over the proper amount, or represented by stamps affixed to matter not actually accepted for registration.*

*h. Fees are paid for return receipt or for restricted delivery, and the USPS (through fault or negligence) fails to furnish the return receipt or its equivalent, or makes erroneous delivery or nondelivery.*

*i. An annual presort mailing fee is paid for Presorted First-Class Mail, Standard Mail, Presorted Media Mail, or Presorted Library Mail or a destination entry mailing fee is paid for Parcel Select or Bound Printed Matter and no mailings are made during the corresponding 12-month period.*

*j. Customs clearance and delivery fees are erroneously collected.*

*k. Fees are paid for registry or insurance service on mail addressed to a country to which such services are not available, unless claim for indemnity is made.*

Without pleading any new facts in the instant matter, the articles that were attached as exhibits to the complaint failed to receive the extra services for which the fees were paid and no refund was granted as provided for in the Defendant's own rules in the DMM. Moreover, the postmaster denied any relief. Plaintiff contends that his complaint, since it was fact pleaded, was pleaded well enough to adjudicate his claims under a notice pleading requirement. Moreover, the complaint indicates, inter alia, that by conferring with the Postmaster, who denied him any relief, that he had exhausted his remedies.

## CONCLUSION

Accordingly, for the above reasons that are discussed, the

Defendant's Motion to Dismiss should be denied.

Respectfully submitted,

*[signature]*

Robert D. Kline, J..D. – Plaintiff pro se
2256 Fairview Road
McClure, PA 17841
570-658-3448
rob@eawireless.net

July 20, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Robert D. Kline              :
                             :    No. 1: CV-10-1014
         Plaintiff           :
                             :    (Judge Rambo)

v.

U. S. Postal Service

## CERTIFICATE OF SERVICE

The undersigned hereby certified that he served a copy of the attached

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

in postpaid envelope addressed to the persons hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at McClure, Pennsylvania on July 20, 2010 to:

U. S. Attorney Peter J. Smith and
Assistant U. S. Attorney Wesley P. Page
228 Walnut Street, Suite 220
P. O. Box 11754
Harrisburg, PA 17108-1754

_____
Robert D. Kline, J. D. – Plaintiff pro se
2256 Fairview Road
McClure, PA 17841
570-658-3448
rob@eawireless.net