IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT D. KLINE,      Plaintiff | : : : | No. 1:10-CV-1014 |
| v. | : : | |
| UNITED STATES POSTAL SERVICE,      Defendant | : : : : | Judge Rambo |

### O R D E R

The background of this order is as follows: On May 11, 2010, the government removed a complaint from the Mifflin County Court of Common Pleas in which Plaintiff, Robert D. Kline, brought various claims against the Defendant, United States Postal Service ("USPS"). (Doc. 1.) On July 12, 2010, Defendant filed a motion to dismiss the complaint and brief in support. (Docs. 5, 6.) On July 21, 2010, Plaintiff filed a brief in opposition, (Doc. 7), to which USPS replied on July 27, 2010, (Doc. 9).

Plaintiff brings a breach of contract claim and a claim that Defendant violated the Domestic Mail Manual ("DMM"), which is incorporated into the Federal Code of Regulations at 39 C.F.R. §§ 111.1, 111.4, 211.2(a)(2).[1] However, under the

---

[1] Although Plaintiff couches his claim as one for breach of contract, the alleged breach is for a violation of the DMM. Regardless of the title given, claims for an alleged violation of a

DMM, an individual requesting a refund from the USPS must

> apply for a refund on Form 3533; submit it to the postmaster; and provide the envelope, wrapper, or a part of it showing the names and addresses of the sender and addressee, canceled postage and postal markings, or other evidence of postage and fees paid . . .

DMM § 604.9.2.7.  In addition,

> [t]he local postmaster grants or denied refunds under [the above rule].  The customer may appeal an adverse ruling through the postmaster to the Pricing and Classification Service Center . . . manager who issues the final agency decision.

DMM § 604.9.2.8.

Plaintiff does not dispute that he did not follow through with this procedure for requesting a refund.  (*See* Br. Opp. Mot. to Dismiss, Doc. 8, at 7 of 9.)  Therefore, Plaintiff has failed to exhaust his administrative remedies and this court currently lack jurisdiction to hear the suit.  *See Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984).

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1) The complaint (Doc. 1) is **DISMISSED** without prejudice.

---

federal regulation sound in tort, not contract, and are subject to the Federal Tort Claims Act. 28 U.S.C. §§ 2671, *et seq.  See Arbitraje Casa De Cambio, S.A. DE C.V., et al. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.C. Cir. 2003).

2) The Clerk of Court is directed to **CLOSE** this case.

                                                        s/Sylvia H. Rambo
                                                        SYLVIA H. RAMBO
                                                        United States District Judge

Dated:  August 12, 2010.